Brian K. Julian – ISB No. 2360
Chris H. Hansen – ISB No. 3076
ANDERSON, JULIAN & HULL LLP
C. W. Moore Plaza
250 South Fifth Street, Suite 700
Post Office Box 7426
Boise, Idaho 83707-7426
Telephone:      (208) 344-5800
Facsimile:      (208) 344-5510
E-Mail:         bjulian@ajhlaw.com
                chansen@ajhlaw.com

Attorneys for Defendants Christa Hazel,
    Tambra Pickford, Casey Morrisroe,
    Tom Hearn, Dave Eubanks, Matt Handelman,
    and Coeur d' Alene School District 271

UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RANDALL L. TETZNER,<br><br>                Plaintiff,<br><br>vs.<br><br>CHRISTA HAZEL, Former Trustee President, Coeur d' Alene School District 271; TAMBRA PICKFORD, CASEY MORRISROE, TOM HEARN, DAVE EUBANKS, Trustees, Coeur d' Alene School District 271; MATT HANDELMAN, Former Superintendent, Coeur d' Alene School District 271; COEUR D' ALENE SCHOOL DISTRICT 271; CITY OF COEUR D' ALENE, IDAHO; COEUR D' ALENE POLICE DEPARTMENT; LEE R. WHITE, Chief of Police, Coeur d' Alene Police Department; JAY WILHELM, CRYSTAL SHAW, BUHL, Detectives, Coeur d' Alene Police Department; JOHN DOES 1 & 2, Coeur d' Alene Police Officers; JOHN DOES 3-100,<br><br>                Defendants. | Case No. 2:17-CV-00459-REB<br><br><br>ANSWER TO COMPLAINT |

**ANSWER TO COMPLAINT - 1**

**COMES NOW** the above-entitled Defendants, Christa Hazel, Tambra Pickford, Casey Morrisroe, Tom Hearn, Dave Eubanks, Matt Handelman, and Coeur d' Alene School District 271 by and through their counsel of record, Anderson, Julian & Hull, LLP, and by way of answer to Plaintiff's Complaint and Demand for Jury Trial admit, deny and aver as follows:

### FIRST DEFENSE

The Complaint and each and every count contained therein fails to state a claim against Defendants upon which relief can be granted.

### SECOND DEFENSE

Defendants deny each and every allegation of the Complaint not specifically expressly admitted herein.

1.    Claims may be made against state or local officials under Section 1983. Defendants submit that said allegation constitutes a conclusion of law to which no response is required to the extent that Section 2(A) contains factual allegations against these Defendants, the Defendants deny the same.

2.    With respect to Section 2(D), these Defendants admit the School Boards are trustees of the Coeur d'Alene School District and operate in accordance with Idaho state law and the School District's maintains its own policies.

3.    With Respect to Defendant Matt Handelman, Mr. Handelman is a former superintendent of the Coeur d'Alene School District and was employed by the School District.

4.    These Defendants acknowledge that the Coeur d'Alene is a local governmental entity.

5.    The allegations and claims pertaining to the Coeur d'Alene Police Department and/or the City of Coeur d'Alene are not directed to these Defendants and no response is required.

**ANSWER TO COMPLAINT - 2**

6.     With respect to the allegation that the School District and/or Board of Trustees violated the Plaintiff's civil rights, said claims are denied.

7.     With respect to the allegations directed to the City of Coeur d'Alene and/or the Coeur d'Alene Police Department, those allegations are directed Defendants other than these Defendants and therefore, no response is required.  To the extent that such allegations contained factual allegations against these Defendants, the Defendants deny the same.

8.     With respect to Paragraph III(A), these Defendants acknowledge that some of the events pertaining to this matter occurred within the City of Coeur d'Alene and/or at various School District Building, including but not limited to the Coeur d'Alene High School and/or the District Administration Building.  However, these Defendants deny that any of the actions taken by these Defendants violated Plaintiff's civil rights.

9.     With respect to Paragraph III(B), these Defendants acknowledge that on or about November 4, 2015, the School District advised Plaintiff that he was no longer welcome on the property pursuant to I.C. § 18-7008 and I.C. § 33-5512(11) due to conduct by the Plaintiff which was harassing and/or intimidating and which was disruptive to the educational process.

10.    With respect to the allegations contained in Paragraph III(B), specifically the events of October 28, 2015, these allegations are denied.

11.    With respect to the allegations contained in Paragraph III(B), specifically the events of March 1, 2016, this factual allegation is not directed toward these Defendants and therefore no response is required.  To the extent that said Paragraph contains factual allegation against these Defendants, the Defendants deny the same.

12.    With respect to the allegations contained in Paragraph III(B), specifically the events of 12/7/2015, these Defendants acknowledge that Plaintiff had limited opportunity to

**ANSWER TO COMPLAINT - 3**

participate in the School Board Meeting, but asserts that said action did not violate Plaintiff's civil rights.

13.     With respect to the allegations contained in Paragraph III(B), specifically the events of 1/4/2015 [*sic*], these Defendants assert that the allegation contains the wrong the date and believe that the correct date is January 4, 2016.  To the extent the Plaintiff's Complaint intended to assert claim based upon January 4, 2016, these Defendants acknowledge that Plaintiff had limited opportunity to participate in the School Board Meeting, but asserts that said action did not violate Plaintiff's civil rights.  If the Plaintiff intended the date of the allegation to be January 4, 2015, said claims are denied.

14.     With respect to the allegations contained in Paragraph III(B), specifically the events of 2/1/2015[*sic]*, these Defendants assert that the allegation contains the wrong the date and believe the correct date is February 1, 2016.  To the extent the Plaintiff's Complaint intended to assert claim based upon February 1, 2016, these Defendants acknowledge that Plaintiff's had limited opportunity to participate in the School Board Meeting, but asserts that said action did not violate Plaintiff's civil rights.  If the Plaintiff intended the date of the allegation to be February 1, 2015, said claims are denied.

15.     With respect to the allegations contained in Paragraph III(B), specifically the events of 3/2/2015[*sic*], these Defendants assert that the allegation contains the wrong the date of and believe the correct date is March 2, 2016.  To the extent the Plaintiff's Complaint intended to assert claim based upon March 2, 2016, these Defendants acknowledge that Plaintiff had limited opportunity to participate in the School Board Meeting, but asserts that said action did not violate Plaintiff's civil rights.  With respect to the allegations pertaining to the phone call by an unidentified board member, the allegations are denied.  The District is without sufficient

**ANSWER TO COMPLAINT - 4**

knowledge and/or information concerning the alleged statements of the Police Chief to admit or deny the allegations, therefore said allegation is denied. If the Plaintiff intended the date of the allegation to be March 2, 2015, said claims are denied.

16. With respect to the allegations contained in Paragraph III(B), specifically the events of 4/4/2015[*sic*], these Defendants assert that the allegation contains the wrong the date of and believe the correct date is April 4, 2016. Upon information and belief, the Plaintiff did not attend the meeting. Also with respect to Paragraph III(B), this factual allegation is not directed toward these Defendants and therefore no response is required. To the extent that said Paragraph contains factual allegation against these Defendants, the Defendants deny the same. If the Plaintiff intended the date of the allegation to be April 4, 2015, said claims are denied.

17. With respect to the allegations contained in Paragraph III(B), specifically the events of 5/2/2015[*sic*], these Defendants assert that the allegation contains the wrong the date of and believe the correct date is May 2, 2015. To the extent the Plaintiff's Complaint intended to assert claim based upon May 2, 2016, these Defendants acknowledge that Plaintiff had limited opportunity to participate in the School Board Meeting, but assert that said action did not violate Plaintiff's civil rights. If the Plaintiff intended the date of the allegation to be May 2, 2015, said claims are denied.

18. With respect to the allegations contained in Paragraph III(B), specifically the events of 6/6/2015[*sic*], these Defendants assert that the allegation contains the wrong the date and believe the correct date is June 6, 2016. To the extent the Plaintiff's Complaint intended to assert claim based upon June 6, 2016, these Defendants acknowledge that Plaintiff had limited opportunity to participate in the School Board Meeting, but assert that said action did not violate

**ANSWER TO COMPLAINT - 5**

Plaintiff's civil rights. If the Plaintiff intended the date of the allegation to be June 6, 2015, said claims are denied.

19. With respect to the allegations contained in Paragraph III(B), specifically the events of 7/11/2015[*sic*], these Defendants assert that the allegation contains the wrong the date and believe the correct date is of July 11, 2016. To the extent the Plaintiff's Complaint intended to assert claim based upon July 11, 2016, these Defendants acknowledge that Plaintiff had limited opportunity to participate in the School Board Meeting, but assert that said action did not violate Plaintiff's civil rights. If the Plaintiff intended the date of the allegation to be July 11, 2015, said claims are denied.

20. With respect to the allegations contained in Paragraph III(B), specifically the events of 8/8/2015[*sic*], these Defendants assert that the allegation contains the wrong the date and believe the correct date is August 8, 2016. To the extent the Plaintiff's Complaint intended to assert claim based upon August, 2016, these Defendants acknowledge that Plaintiff had limited opportunity to participate in the School Board Meeting, but assert that said action did not violate Plaintiff's civil rights. If the Plaintiff intended the date of the allegation to be August 8, 2015, said claims are denied.

21. With respect to the allegations contained in Paragraph III(B), specifically the events of 9/12/2015[*sic*], these Defendants assert that the allegation contains the wrong the date and believe the correct date is September 12, 2016. To the extent the Plaintiff's Complaint intended to assert claim based upon September 12, 2016, these Defendants acknowledge that Plaintiff had limited opportunity to participate in the School Board Meeting, but assert that said action did not violate Plaintiff's civil rights. If the Plaintiff intended the date of the allegation to be September 12, 2015, said claims are denied.

**ANSWER TO COMPLAINT - 6**

22.     With respect to the allegations contained in Paragraph III(B), specifically the events of 10/3/2015[*sic*],  these Defendants assert that the allegation contains the wrong the date and believe the correct date is October 3, 2016.  To the extent the Plaintiff's Complaint intended to assert claim based upon October 3, 2016, these Defendants acknowledge that Plaintiff had limited opportunity to participate in the School Board Meeting, but assert that said action did not violate Plaintiff's civil rights.  If the Plaintiff intended the date of the allegation to be October 3, 2015, said claims are denied.

23.     With respect to the allegations regarding the failure to attend the student's concerts and other activities, with respect to the claims that the Plaintiff missed all of his children's concerts, these Defendants assert that if Plaintiff' submitted a request to the School District, the School District would make appropriate arrangements for the Plaintiff to attend his children concerts.  Therefore, the School District denies the claims.

24.     With respect to Paragraph III(C)(1), these Defendants are without knowledge and information pertaining to the fire that occurred at Plaintiff home, and therefore said claims are denied.  Similarly, with respect to the claims that the School Board was not receptive his "signs" said claims are denied and do not constitute a violation of Plaintiff's civil rights.

25.     With respect to Paragraph III(C)(2) dated October 28, 2015[*sic*], said claim is denied to the extent, if any, that the Plaintiff intended that the event alleged by October 28, 2016, the allegations do not appear to be directed toward these Defendants.  To the extent, if any, that claims are directed these Defendants, said claims are denied and the Defendants deny that they violated Plaintiff's civil rights.  If the Plaintiff intended the date of the allegation to be October 28, 2015, said claims are denied.

**ANSWER TO COMPLAINT - 7**

26.     With respect to allegations contained in Paragraph III(C)(3), these Defendants acknowledge that on November 4, 2015, the District advised the Plaintiff that he could no longer have unrestricted access to school property.  Said Notice was in accordance with Idaho law. These Defendants deny the remainder of the allegations contained in Paragraph III(C)(3) and deny that said actions violated Plaintiff's civil rights.

27.     With respect to Paragraph III(C)(4), these Defendants do not have sufficient evidence to determine the truth of the allegation and therefore denies the same.

28.     With respect to allegations contained in Paragraph III(C)(5), the allegations contained therein are denied.

29.     With respect to allegations contained in Paragraph III(C)(6), the extent that the allegations contained therein are directed toward Defendants other than these Defendants, no response is required.  To the extent that factual allegations are contained Paragraph III(C)(6) pertain to these Defendants, the allegations are denied.

30.     With respect to allegations contained Paragraph III(C)(7), these Defendants did not file a criminal trespass case and therefore, no response is required.  With regard to the remainder of the allegations contained in Paragraph III(C)(7), said claims are denied.

31.     With respect to allegations contained in Paragraph IV, these Defendants deny that the District is liable for said alleged injuries.

32.     With respect to allegations contained in Paragraph V, these Defendants deny that they are caused any damages to the Plaintiff and the claims for actual damages and/or punitive damages are denied.

## THIRD DEFENSE

The Complaint and each and every count contained therein fails to state a claim against Defendants upon which relief can be granted.

ANSWER TO COMPLAINT - 8

## FOURTH DEFENSE

All or part of, Plaintiff's claims are barred by the applicable statute of limitations.

## FIFTH DEFENSE

Plaintiffs cannot state a tort claim against a governmental entity pursuant to Idaho Code § 6-1701.

## SIXTH DEFENSE

Defendants are entitled to immunity from liability pursuant to the Idaho Tort Claims Act, Idaho Code § 6-901, *et seq*.

## SEVENTH DEFENSE

To the extent Plaintiffs' claims are based on the doctrine of *respondeat superior*, such claims are barred because the doctrine of *respondeat superior* is not a basis for recovery under 42 U.S.C. § 1983.

## EIGHTH DEFENSE

Defendants are protected from liability and suit by the Eleventh Amendment and the doctrine of qualified immunity.

## NINTH DEFENSE

Defendants did not act with deliberate indifference to a known or obvious danger.

## TENTH DEFENSE

At all times relevant to the actions which form the basis of the Complaint, Defendants acted with a good faith belief that said actions, if any, were lawful.

## ELEVENTH DEFENSE

Plaintiff failed to mitigate his damages, if any.

## TWELFTH DEFENSE

ANSWER TO COMPLAINT - 9

Insofar as the Plaintiff's Complaint is seeking an award of punitive damages, said damages are not recoverable pursuant to I.C. § 6-918 and under 42 USC §1983. A claim for punitive damages is also inappropriate due to the Plaintiff's failure to comply with I.C. §6-1604.

### THIRTEENTH DEFENSE

Insofar as the Plaintiff's Complaint seeks to set forth state law claims, the Defendants are immune from an award of damages pursuant to I.C. § 6-901 *et seq.*

### FOURTEENTH DEFENSE

Any injury or damage alleged was sustained by the Plaintiff was solely caused by Plaintiff's own wrongful act and/or conduct and the Plaintiff's fault or negligence equals or exceeds that of the Defendants, if any. By asserting this defense, these Defendants do not admit or acknowledge any fault or negligence whatsoever.

### FIFTEENTH DEFENSE

The alleged actions of the Defendants, if any, do not rise to the level of a deprivation of Constitutional protected right.

### SIXTEENTH DEFENSE

As to School District and these answering Defendants in their official capacities, there are no unconstitutional policies or practices and all claims asserted under 42 USC 1983 must be dismissed.

### SEVENTEENTH DEFENSE

The District, acting as a political subdivision, is immune from liability under 42 U.S.C. § 1983 for the alleged actions of Defendants, as stated in Plaintiffs' Complaint.

### EIGHTEENTH DEFENSE

Defendants did not engage in any affirmative conduct to place Plaintiff in danger.

### NINETEENTH DEFENSE

**ANSWER TO COMPLAINT - 10**

There was no unreasonable risk of harm and Defendants did not intend to expose Plaintiff to an unreasonable risk of harm.

### TWENTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrines of waiver and estoppel.

### TWENTY FIRST DEFENSE

The allegations contained in Plaintiff's Complaint do not rise to the level of the depravation of a federally protected right.

### TWENTY SECOND DEFENSE

Plaintiff was guilty of negligent and careless misconduct at the time of and in connection with the matters and damages alleged in the Complaint, which misconduct on his part proximately caused and contributed to said events and resultant damages, if any.

### TWENTY THIRD DEFENSE

Plaintiff's losses or injuries, if any, were caused by the intervening acts or omissions of other third persons, for whom these answering Defendants can bear no responsibility.

### TWENTY FOURTH DEFENSE

The allegations contained in the Plaintiff's Complaint do not arise to the level of the deprivation of a federally protected right.

### RESERVATION OF RIGHTS TO ALLEGE OTHER AFFIRMATIVE DEFENSES

Defendants reserve the right to assert any additional defenses that are supported by information or facts obtained through discovery or other means during this case and expressly reserve the right to amend their Answer to assert such additional affirmative defenses in the future.

**ANSWER TO COMPLAINT - 11**

WHEREFORE, the Defendants request that all of the claims asserted in the Plaintiff's Verified First Amended Complaint be dismissed with prejudiced and these answering Defendants be awarded any and all reasonable costs and disbursements including reasonable attorney's fees.

<strong>PRAYER FOR RELIEF</strong>

WHEREFORE, Defendants pray for judgment as follows:

1.      That the Complaint and Demand for Jury Trial be dismissed with prejudice and that Plaintiffs take nothing thereby;

2.      For judgment against Plaintiffs for Defendants' costs and attorney fees incurred in the defense of this matter; and

3.      For such other and further relief as this Court may deem just and proper under the circumstances.

<strong><u>JURY DEMAND</u></strong>

Defendants hereby request a trial by jury.

DATED this _____ day of December, 2017.

ANDERSON, JULIAN & HULL LLP

By: _____
        Brian K. Julian, Of the Firm
        Chris H. Hansen, Of the Firm
        Attorneys for Defendants Christa Hazel,
            Tambra Pickford, Casey Morrisroe,
            Tom Hearn, Dave Eubanks,
            Matt Handelman, and Coeur d' Alene
            School District 271

**ANSWER TO COMPLAINT - 12**

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _____ day of _____, 2017, I served a true and correct copy of the foregoing by delivering the same to each of the following attorneys of record, by the method indicated below, addressed as follows:

Randall L. Tetzner
Pro Se
1318 E. Locust Ave.
Coeur d' Alene, ID 83814
T: (208) 704-3787
E: randytetznercfi@gmail.com

☑ U.S. Mail, postage prepaid
☐ Hand-Delivered
☐ Overnight Mail
☐ Facsimile
☐ E-Mail
☑ ECF

Chris H. Hansen

**ANSWER TO COMPLAINT - 13**