Brian K. Julian – ISB No. 2360
Chris H. Hansen – ISB No. 3076
ANDERSON, JULIAN & HULL LLP
C. W. Moore Plaza
250 South Fifth Street, Suite 700
Post Office Box 7426
Boise, Idaho 83707-7426
Telephone:    (208) 344-5800
Facsimile:    (208) 344-5510
E-Mail:       bjulian@ajhlaw.com
              chansen@ajhlaw.com

Attorneys for Defendants Christa Hazel,
    Tambra Pickford, Casey Morrisroe,
    Tom Hearn, Dave Eubanks, Matt Handelman,
    and Coeur d' Alene School District 271

## UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF IDAHO

RANDALL L. TETZNER,

Plaintiff,

vs.

CHRISTA HAZEL, Former Trustee President,
Coeur d' Alene School District 271; TAMBRA
PICKFORD, CASEY MORRISROE, TOM
HEARN, DAVE EUBANKS, Trustees, Coeur d'
Alene School District 271; MATT
HANDELMAN, Former Superintendent, Coeur
d' Alene School District 271; COEUR D'
ALENE SCHOOL DISTRICT 271; CITY OF
COEUR D' ALENE, IDAHO; COEUR D'
ALENE POLICE DEPARTMENT; LEE R.
WHITE, Chief of Police, Coeur d' Alene Police
Department; JAY WILHELM, CRYSTAL
SHAW, BUHL, Detectives, Coeur d' Alene
Police Department; JOHN DOES 1 & 2, Coeur
d' Alene Police Officers; JOHN DOES 3-100,

Defendants.

Case No. 2:17-CV-00459-REB

**RESPONSE TO PLAINTIFF'S
MOTION FOR INTERLINEATION**

**RESPONSE TO PLAINTIFF'S MOTION FOR INTERLINEATION - 1**

**COME NOW** the above-entitled Defendants Christa Hazel, Tambra Pickford, Casey Morrisroe, Tom Hearn, Dave Eubanks, Matt Handelman, and Coeur d' Alene School District 271, by and through their counsel of record, Anderson, Julian & Hull, LLP, and respectfully responds to the Plaintiff's Motion for Interlineation.

In responding to the Motion for Interlineation, these Defendants acknowledge that the Complaint in this matter was filed on November 8, 2017.  The Motion for Interlineation was filed on or about November 21, 2017.  These Defendants recognize that pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure, a party may amend its pleading once as matter of course within twenty (21) days after serving it.  Thus, at the time Plaintiff filed his Motion for Interlineation, Plaintiff was still within the time limit to amend the Complaint as provided by the Federal Rules of Civil Procedure.  Plaintiff could have amended his Complaint without obtaining leave from the Court.  Thus, Plaintiff's Motion for Interlineation appears to have been unnecessary.

Plaintiff's Motion for Interlineation apparently seeks to identify the Supplemental Jurisdiction of the Court, and to add claims for "No Bill of Attainder no ex post facto Law shall be passed" and alleges that "each defendant is sued in their individual and official capacity, even though the courts on-line form for pro se does not mention this, not mentioning it could be a fatal pleading defect".  These Defendants respectfully assert that such claims are futile, inapplicable and/or meritless based upon the facts alleged in the Plaintiff's Complaint.

With respect to the allegation of "No Bill of Attainder no ex post facto law shall be passed, the Defendants submit that such a claim is inapplicable, since no Bill of Attainder, or *ex post facto* law has been passed or identified. In **David Zivkovic v. Brent Reinke, Idaho Department of Correction**, 2013 WL 6905974, (1:11–cv–00624–EJL) the Idaho U.S. District

**RESPONSE TO PLAINTIFF'S MOTION FOR INTERLINEATION - 2**

Court address Bill of Attainder claims and stated, " The Supreme Court has explained that a bill of attainder is a law that legislatively determines guilt and inflicts punishment upon an identifiable individual or group of individuals without provision of the protections of a judicial trial. **United States v. Brown**, 381 U.S. 437, 448–50 (1965) (holding that a law prohibiting members of the Communist Party from serving as officers or employees of labor unions was unconstitutional as a bill of attainder). There are three requirements for a bill of attainder: (1) specification of the affected person or persons; (2) punishment; and (3) lack of a judicial trial. **Selective Serv. Sys. v. Minn. Pub. Interest Research Grp.**, 468 U.S. 841, 847 (1984). ( Zivkovic at pg. 3).

These Defendants also assert that the proposed claim suing each individual defendant, both individually and in their official capacity, is also inapplicable and futile. In this case the Complaint, both as originally filed and modified, does not contain sufficient information or adequate information to determine the basis of the claims against the various individuals named. Vague and conclusory allegations of official participation in alleged Civil Rights violation are not sufficient.  (See **Ivy vs. Board of Regency of the University of Alaska** 673 F2d 266, 268 (9th Cir. 1982))  Rather, individual liability under Section § 1983 arises only upon showing of personal participation by the defendants.  (See **Taylor vs. List** 880 F2d 1040, 1045 (9th Cir. 1982)).  Here, even with the provisions being added, the claim is insufficient and futile.

Thus, although Rule 8(a)(2) of Federal Rules of Civil Procedure only require "short and plain statement of the claims showing that the pleader is entitled to relief".  In this case, the original Complaint, and the addition of the language via interlineation proposed by the Plaintiff are not sufficient and do not provide the factual basis for said claims.

**RESPONSE TO PLAINTIFF'S MOTION FOR INTERLINEATION - 3**

By filing this Response, these Defendants do not waive and/or relinquish their right to dispute, contest, refute contradict and/or seek the dismissal of any and all of the claims contained in the Complaint, both as originally filed and modified through the Motion for Interlineation. These Defendants further reserve the right to file an a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and/or a Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure to dismiss all such claims.

DATED this _____ day of December, 2017.

ANDERSON, JULIAN & HULL LLP

By: _____

    Brian K. Julian, Of the Firm
    Chris H. Hansen, Of the Firm
    Attorneys for Defendants Christa Hazel,
        Tambra Pickford, Casey Morrisroe,
        Tom Hearn, Dave Eubanks,
        Matt Handelman, and Coeur d' Alene
        School District 271

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _____ day of _____, 2017, I served a true and correct copy of the foregoing by delivering the same to each of the following attorneys of record, by the method indicated below, addressed as follows:

| | |
|---|---|
| Randall L. Tetzner | ☒ U.S. Mail, postage prepaid |
| Pro Se | ☐ Hand-Delivered |
| 1318 E. Locust Ave. | ☐ Overnight Mail |
| Coeur d' Alene, ID 83814 | ☐ Facsimile |
| T: (208) 704-3787 | ☒ E-Mail |
| E: randytetznercfi@gmail.com | ☒ ECF |

_____
Chris H. Hansen

**RESPONSE TO PLAINTIFF'S MOTION FOR INTERLINEATION - 4**