UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RANDALL L. TETZNER,<br><br>    Plaintiff,<br><br>v.<br><br>CHRISTA HAZEL, Former Trustee President, Coeur d'Alene School District 271; TAMBRA PICKFORD, CASEY MORRISROE, TOM HEARN, DAVE EUBANKS, Trustees, Coeur d'Alene School District 271; MATT HANDELMAN, Former Superintendent, Coeur d'Alene School District 271; COEUR D'ALENE SCHOOL DISTRICT 271; CITY OF COEUR D'ALENE, IDAHO; COEUR D'ALENE POLICE DEPARTMENT; LEE R. WHITE, Chief of Police, Coeur d'Alene Police Department, JAY WILHELM, CRYSTAL SHAW, BUHL, Detectives, Coeur d'Alene Police Department; JOHN DOES 1 & 2, Coeur d'Alene Police Officers; JOHN DOES 3-100,<br><br>    Defendants. | Case No. 2:17-cv-00459-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court in the above entitled matter are the Plaintiff Randall Tetzner's Application to Proceed *In Forma Pauperis*, Complaint, and related Motions. The Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively

finds that the decisional process would not be significantly aided by oral argument, this matter is decided on the record.

## ANALYSIS

**1.     In Forma Pauperis Standard of Review**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $400.00. 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 2009); 28 U.S.C. § 1915(a)(1) ("any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, ... without prepayment of fees or security therefor.").

In order to qualify for IFP status under § 1915, the plaintiff must submit an Application and Affidavit showing he or she lacks sufficient funds to pay the filing fee and that the suit is not frivolous or malicious. *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). An affidavit is sufficient where it states that the plaintiff "cannot because of his [or her] poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). A plaintiff need not demonstrate they are absolutely destitute in order to meet the requirements of the statute. *Escobedo*, 787 F.3d at 1234; *see also Adkins*, 335 U.S. at 339 (Litigants are not required to contribute their "last dollar" or "make themselves and their dependents wholly destitute."). Nonetheless, the affidavit must "state the facts as to

affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981); *see also Escobedo, supra*. Motions to proceed *in forma pauperis* under § 1915 are left to the sound discretion of the trial court and are granted only in exceptional circumstances where the movant has made the requisite showing. *Id.*

**2.      Discussion**

Mr. Tetzner's IFP Application includes an affirmation stating he is unable to pay the costs of these proceedings. (Dkt. 1.) The Application sets forth Mr. Tetzner and his spouse's expected monthly income ($3,000.00), expenses ($3,970.00), assets (home ($125,000), bank accounts ($2,501.83), and two vehicles ($450.00)), and liabilities ($5,500 medical bills). Mr. Tetzner has three children; two are minors and one is an adult with sever autism. The Application is further supported by two sealed documents describing other expected expenses and circumstances.[1] The first document details Mr. Tetzner's monthly costs relating to medical and household bills, the care of his children, and the impact of his own disability on his employment options. (Dkt. 6.) The second document, provides further information about the household's financial circumstances. (Dkt. 9.) Having considered the Application and supporting materials filed in this matter, the Court finds that Mr. Tetzner does not qualify for IFP status in this case.

---

[1] Plaintiff has moved to file two supporting documents under seal. (Dkt. 5, 6, 9.) Defendants have filed a Motion to Compel Disclosure of one of the documents (Dkt. 12.) The Court grants the Motion to File Document Under Seal. Both documents relate to the Plaintiff's IFP Application and contain private personal financial and medical information unrelated to the substance of the allegations made in the Complaint.

In determining what level of income constitutes poverty for purposes of 28 U.S.C. § 1915(a)(1), the Court considered the poverty guidelines set by the United States Department of Health and Human Services as one measure. Those guidelines set the 2018 poverty level for a family of five at $29,420 annually. *See* 83 Fed. Reg. 2642, 2643 (Jan. 18, 2018).[2] The household's annual income as reflected on the IFP Application is approximately $36,000 which places Mr. Tetzner above the guidelines' poverty level. The Court has also considered the household expenses and hardships discussed in the filings which Mr. Tetzner represents exceed their monthly income. (Dkt. 1, 6, 9.) While the Court is sympathetic to Mr. Tetzner's financial circumstances, the balance of his household's expected monthly incomes, expenses, and assets put him above the poverty requirement needed to qualify for IFP status. Mr. Tetzner and his spouse are both employed. While their wages are modest and there have been some lapses in salary (Dkt. 6), their joint incomes are above the poverty guidelines. *See Escobedo*, 787 F.3d at 1236 (Courts may consider the income of an IFP applicant's spouse if a reasonable inquiry into the spouse's assets and income establishes that those assets and income are available to the IFP applicant.). In addition, Mr. Tetzner owns a home, two vehicles, and has money in his bank accounts. Taking all of these considerations into account, Court finds Mr. Tetzner does not qualify for IFP status because the household income and assets indicate he is able to pay the filing fee in this case.

---

[2] The 2018 Poverty Guidelines are available from the U.S. Department of Health and Human Services at http://aspe.hhs.gov/poverty-guidelines.

For these reasons, the IFP Application is denied. Mr. Tetzner is directed to pay the initial filing fee of $400.00 on or before September 14, 2018. The Court expressly notifies Mr. Tetzner that failure to timely pay the filing fee as directed herein may result in dismissal of this case without further notice. *See* Fed. R. Civ. P. 41(b).[3]

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED as follows:

1) The Application for Leave to Proceed in forma Pauperis (Dkt. 1) is **DENIED**. Plaintiff is **ORDERED TO PAY** the statutory filing fee of **$400.00** for this action on or before **September 14, 2018**. Failure to pay the filing fee may result in dismissal of this case without further notice.

3) The Motion to File Document Under Seal (Dkt. 5) is **GRANTED**.

4) Motion for Interlineation (Dkt. 10) is **GRANTED**.

5) Defendants' Motion to Compel Disclosure of Sealed Document. (Dkt. 12) is **DENIED**.

DATED: August 15, 2018

Honorable Edward J. Lodge
U.S. District Judge

---

[3] Plaintiff has filed a Motion for Interlineation to add three sentences to the Complaint. (Dkt. 10.) Defendants filed a response in opposition. (Dkt. 13.) Given the early stage of these proceedings and the fact that the request was made within the time in which Plaintiff could have filed an amended complaint, the Court will grant the Motion for Interlineation. Defendants may still challenge the sufficiency of the additions as well as the entirety of the pleadings on a later Motion if the filing fee is paid and the case proceeds.