UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| RANDALL L. TETZNER,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTA HAZEL, Former Trustee President, Coeur d'Alene School District 271; TAMBRA PICKFORD, CASEY MORRISROE, TOM HEARN, DAVE EUBANKS, Trustees, Coeur d'Alene School District 271; MATT HANDELMAN, Former Superintendent, Coeur d'Alene School District 271; COEUR D'ALENE SCHOOL DISTRICT 271; CITY OF COEUR D'ALENE, IDAHO; COEUR D'ALENE POLICE DEPARTMENT; LEE R. WHITE, Chief of Police, Coeur d'Alene Police Department, JAY WILHELM, CRYSTAL SHAW, BUHL, Detectives, Coeur d'Alene Police Department; JOHN DOES 1 & 2, Coeur d'Alene Police Officers; JOHN DOES 3-100,<br><br>Defendants. | Case No. 2:17-cv-00459-EJL<br><br>**ORDER** |

**INTRODUCTION**

Before the Court in the above entitled matter is Plaintiff Randall Tetzner's Motion for Reconsideration. The Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay,

and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter is decided on the record.

## STANDARDS OF LAW

Federal Rule of Civil Procedure Rule 59 provides a means whereby the Court may order a new trial or alter or amend a judgment. Fed. R. Civ. P. 59. The Ninth Circuit has identified three reasons sufficient to warrant a court's reconsideration of a prior order: "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (applying reconsideration to a Rule 59 motion to alter or amend a judgment); *see also School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (denying a Rule 59 motion to reconsider a summary judgment ruling). Upon demonstration of one of these three grounds, the movant must then come forward with "facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Donaldson v. Liberty Mut. Ins. Co.*, 947 F. Supp. 429, 430 (D. Haw. 1996). Federal Rule of Civil Procedure 60(b) provides that the Court may reconsider a final judgment or any order based on: "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." *School Dist. No. 1J*, 5 F.3d at 1263. Under Rule 60(b)(6), the so-called catch-all provision, the party seeking relief "must demonstrate both injury and circumstances beyond [her] control that prevented [her] from proceeding with the action in a proper fashion." *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097,

1103 (9th Cir. 2006). In addition, the Ninth Circuit has stated that "[t]o receive relief under Rule 60(b)(6), a party must demonstrate extraordinary circumstances which prevented or rendered [her] unable to prosecute [her] case." *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010). This Rule must be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.* (quoting *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005)). Any Rule 60(b) motion must be brought within a reasonable time and no later than one year after entry of judgment or the order being challenged. *See* Fed. R. Civ. P. 60(c)(1).

## ANALYSIS

### 1.    Motion to Reconsider IFP Application

On August 15, 2018, the Court entered an Order denying Plaintiff Randall Tetzner's Application for Leave to Proceed In Forma Pauperis (IFP) and directing him to pay the statutory filing fee of $400 on or before September 14, 2018. (Dkt. 16.) Mr. Tetzner has filed a Motion to Reconsider that Order and request to file new information under seal. (Dkt. 17.) Mr. Tetzner asks that the Court 1) consider changes to his financial status, 2) requests a payment plan, 3) requests 504 and ADA accommodations, and 4) that the filings be made under seal. Essentially, Mr. Tetzner has submitted "newly discovered evidence" which he argues supports his IFP Application.

To qualify for IFP status under § 1915, the plaintiff must submit an Application and Affidavit showing he or she lacks sufficient funds to pay the filing fee and that the suit is not frivolous or malicious. *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).

An affidavit is sufficient where it states that the plaintiff "cannot because of his [or her] poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). A plaintiff need not demonstrate they are absolutely destitute in order to meet the requirements of the statute. *Escobedo*, 787 F.3d at 1234; *see also Adkins*, 335 U.S. at 339 (Litigants are not required to contribute their "last dollar" or "make themselves and their dependents wholly destitute."). Nonetheless, the affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981); *see also Escobedo*, *supra*. Motions to proceed *in forma pauperis* under § 1915 are left to the sound discretion of the trial court and are granted only in exceptional circumstances where the movant has made the requisite showing. *Id.*

The Court has reviewed Plaintiff's list of twenty-six (26) new basis for reconsideration. (Dkt. 17.) Notably, the events in May and June of 2018 which include the loss of employment, denial of unemployment benefits, additional household and medical expenses, and Plaintiff's health condition. Those events transpired after Plaintiff filed his IFP materials and change the Court's analysis of Plaintiff's IFP status which previously relied upon his spouse's expected monthly income of $3,000. (Dkt. 16.) Based on the new evidence submitted in the Motion for Reconsideration, that monthly income is no longer realized by the household and other expenses have increased. As such, the Court now finds that Mr. Tetzner's circumstances are such that he qualifies for IFP status because he is

unable to pay the filing fee in this case. For these reasons, the Court will grant the Motion for Reconsideration and grant the IFP Application.

**2.      Initial Review Order**

**A.      Standard**

Having granted Plaintiff's IFP application, the Court must now conduct an initial review of the complaint. *See* 28 U.S.C. § 1915(e)(2). Dismissal of a Complaint or any portion thereof is required if the Court determines it is: (1) frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B) (i-iii). To state a claim upon which relief can be granted, the Complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

"In determining whether a complaint is frivolous, a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The Court may find a complaint factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *See id.*; *see also O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (holding complaint submitted *in forma pauperis* "is frivolous if it has no arguable basis in fact or law").

Where, as here, the Plaintiff is proceeding *pro se*, the pleadings are liberally construed and the Plaintiff is given the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the

burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *See Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). *Pro se* litigants also are "subject to the same rules of procedure and evidence as defendants who are represented by counsel." *United States v. Merrill*, 746 F.2d 458, 465 (9th Cir. 1984). In particular, Federal Rule of Civil Procedure 8 requires every civil complaint to include three elements: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claims showing the pleader is entitled to relief; and (3) a demand for the relief sought. See Fed. R. Civ. P. 8(a). Although Rule 8 "does not require detailed factual allegations, ... it demands more than unadorned, the-defendant-unlawfully-harmed-me accusations." *Iqbal*, 556 U.S. at 678. Additionally, if the Complaint can be saved by amendment, Plaintiff should be notified of the Complaint's deficiencies and provided an opportunity to amend. *See Jackson v. Carey,* 353 F.3d 750, 758 (9th Cir. 2003).

**B.      Discussion**

The Complaint in this case raises claims under § 1983 against numerous individuals and government entities alleging violations of the First, Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, Idaho Code § 33-210, and various sections of Article I of the Idaho Constitution. (Dkt. 2.) Mr. Tetzner claims the Defendants, acting under the color of state or local law, were deliberately indifferent and deprived him of his civil rights by their actions, customs, or practices in relation to events occurring in 2015 and 2016. (Dkt. 2.) Specifically, that the Defendants unlawfully violated Mr. Tetzner's constitutional rights and retaliated against him for exercising his free speech rights by trespassing him from the school without due process.

Federal law provides that "[e]very person who, under color of [law], subjects or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ... or other proper proceeding for redress." 42 U.S.C. § 1983. Section 1983 is a "vehicle whereby plaintiffs can challenge actions by government officials." *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979); *see also Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 978 (9th Cir. 2004). In other words, "the statute provides the citizen with an effective remedy against those abuses of state power that violate federal law." *Collins v. City of Harker Heights, Texas*, 503 U.S. 115, 119 (1992).

"[T]o sustain an action under 42 U.S.C. § 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006) (quoting *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989)). Thus, there must be an underlying violation of Plaintiff's federal constitutional or statutory rights to sustain a claim under 42 U.S.C. § 1983.

Municipalities and other local government units are "persons" to whom Section 1983 applies. *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690 (1978). Nonetheless, a municipality will not be held liable under § 1983 for the acts of an employee absent an institutional policy or custom that results in a constitutional deprivation. *Id.* "Local governing bodies ... can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where ... the action that is alleged to be unconstitutional

implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers." *Id.* The municipal policy that results in municipal liability need not be formal or official. Local governments may be sued "for constitutional deprivations visited pursuant to government 'custom' even though such a custom has not received formal approval through the body's official decision making channels." *Id.* at 690–91.

Mr. Tetzner alleges he made requests to the Coeur d'Alene ("CDA") School Board asking it to consider changes to the fire safety exit signs in the schools. In October of 2015, Mr. Tetzner alleges he received a phone call from the school resource officer, Defendant Jay Wilhelm of the CDA Police Department, telling him the CDA School Board President, Defendant Christa Hazel, had asked Wilhelm to call and tell Mr. Tetzner that he would be arrested if he wrote one more letter about fire safety to the School Board. (Dkt. 2.) Mr. Tetzner responded that his letters were free speech and he would continue his lawful exercise of his rights. Mr. Tetzner alleges he was unlawfully "trespassed" from the school by Wilhelm. The Complaint then names each of the individual school board trustees alleging they met with Superintendent Matt Handelman "to devise a way to punish me for my free speech" and retaliated against him by ordering the individually named police officers, Chief of Police Lee R. White, Detective Shaw, and Detective Buhl, to trespass against him and remove him from the school. Mr. Tetzner further alleges he was denied full access to CDA School Board meetings on several occasions; has been threatened, trespassed, and harassed; and was deprived of the right to attend his children's school programs and functions. The actions of the school trustees, he alleges, were taken utilizing

policies, customs or practices of trespassing parents without a required 14th Amendment hearing in violation of the due process clause. As a result, Mr. Tetzner claims, he has suffered injuries in the form of depression, public ridicule, and damage to his reputation, good name, honor and integrity causing actual and punitive damages.

For purposes of this initial review, the Court takes as true Mr. Tetzner's allegations of violations of his rights protected under § 1983 by the Idaho and United States constitutions including: freedom of speech, right to remain silent, and due process/liberty rights. (Dkt. 1.) With the benefit of those assumptions, the Court finds the allegations in the Complaint are sufficient to state a claim for relief against the Defendants for purposes of this initial review as to his claim that the Defendants violated his constitutional rights in relation to their alleged trespassing against Mr. Tetzner. Further, the allegations name specific actions by each of the individually named Defendants as to his or her involvement in that alleged deprivation of his constitutional rights.

As to the allegations that the Defendants denied him "full access to school board meeting, police presence" on various dates, the Court finds the Complaint fails to state facts to support such a claim. *See* Fed. R. Civ. P. 8; *Iqbal*, 556 U.S. at 678. Those allegations are simply too vague and conclusory to provide any notice to Defendants as to who, what, and how Mr. Tetzner alleges his constitutional rights were violated on those dates. As such, the Court will dismiss those allegations. Because the Court cannot, however, conclude that such allegations are futile, Mr. Tetzner is granted leave to amend his Complaint to cure its defects. *See* Fed. R. Civ. P. 15.

The Court's determination herein is limited to this initial review and does not preclude the Defendants from challenging the sufficiency of the pleadings and/or merits of the substance of the claim in a later motion.[1]

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that the Motion for Reconsideration (Dkt. 17) is **GRANTED** as follows:

1.      The Application for Leave to Proceed In Forma Pauperis (Dkt. 1) is **GRANTED**.

2.      Plaintiff's § 1983 claim is **DISMISSED WITHOUT PREJUDICE** as to the allegations of "denial of full access to school board meeting, police presence." Plaintiff is **GRANTED LEAVE TO AMEND** to cure any deficiencies by filing an amended complaint on or before **February 18, 2019**. Failure to do so may be deemed a waiver by Plaintiff of the claim.

DATED: January 16, 2019

Honorable Edward J. Lodge
U.S. District Judge

---

[1] The Court considered the Defendants' response brief contesting whether the Complaint contains sufficient information to raise a claim against the individual Defendants. (Dkt. 13.) The Court's initial review stated herein is not a ruling either way as to whether the Plaintiff's claims would survive a later challenge to the sufficiency of the pleadings or the merits of the claims themselves.