UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RANDALL TETZNER,<br><br>        Plaintiff,<br><br>vs.<br><br>CHRISTA HAZEL, Former Trustee President, Coeur d'Alene School District 271; TAMBRA PICKFORD, CASEY MORRISROE, TOM HEARN, DAVE EUBANKS, Trustees, Coeur d'Alene School District 271; MATT HANDELMAN, Former Superintendent, Coeur d'Alene School District 271; COEUR D'ALENE SCHOOL DISTRICT 271; CITY OF COEUR D'ALENE, IDAHO; COEUR D'ALENE POLICE DEPARTMENT, LEE R. WHITE, Chief of Police, Coeur d'Alene Police Department; JAY WILHELM, CRYSTAL SHAW, BUHL, Detectives, Coeur d'Alene Police Department; JOHN DOES 1 & 2 , Coeur d'Alene Police Officers; JOHN DOES 3-100<br><br>        Defendants. | Case No: 2:17-cv-00459-DCN<br><br>**ORDER COMPELLING DISCOVERY** |

## I. INTRODUCTION

The Court has been notified by counsel for Defendant Coeur d'Alene School District and the District related-individual defendants (hereinafter "District") that Plaintiff Randall Tetzner has failed to provide any response to the District's discovery requests. The

MEMORADUM DECISION AND ORDER - 1

District has been unable to reach Mr. Tetzner despite repeated attempts to contact him to obtain the requested discovery. In an attempt to resolve the dispute informally, the District provided the Court and Mr. Tetzner with a position paper on October 23, 2019, summarizing the issue. Mr. Tetzner did not respond. The Court accordingly enters the following order compelling Mr. Tetzner to respond to the District's discovery requests within ten days or face dismissal.

## II. BACKGROUND

Mr. Tetzner filed the instant suit on November 3, 2017. Mr. Tetzner's Complaint raises claims under 42 U.S.C. § 1983 against numerous individuals and government entities, including the District, alleging violations of the First, Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, Idaho statute, and various sections of the Idaho Constitution. Mr. Tetzner claims the Defendants, acting under the color of state or local law, unlawfully retaliated against him for exercising his free speech rights by barring him from his children's school without due process.

Specifically, after writing several letters to the Coeur d'Alene ("CDA") School Board asking it to consider changes to the fire safety exit signs in the schools, Mr. Tetzner alleges he was told by Defendant Jay Wilhelm of the CDA Police Department that he would be arrested if he wrote one more letter about fire safety to the School Board. Mr. Tetzner responded that his letters were protected free speech and that he would continue to write them. Among other things, Mr. Tetzner alleges he was subsequently "trespassed" from the school, barred from attending his children's school programs and functions for an entire

MEMORADUM DECISION AND ORDER - 2

school year, and threatened and harassed. Mr. Tetzner is proceeding *pro se* in this matter and was ultimately granted leave to proceed *in forma pauperis*. Dkt. 20.

Pursuant to the Court's Amended Scheduling Order, the discovery deadline in this case is December 30, 2019. Dkt. 30. On August 27, 2019, the District propounded written Interrogatories and Requests for Production of Documents to Mr. Tetzner. The District did not receive any response. On October 1, 2019, counsel for the District sent Mr. Tetzner a letter by e-mail and U.S. Mail directing him to answer the District's discovery requests by October 11, 2019. Mr. Tetzner did not respond. On October 14, 2019, the District sent Mr. Tetzner another email asking him to contact the District's counsel to discuss the discovery issue. Mr. Tetzner did not respond.

On October 18, 2019, the District contacted the Court to schedule an informal discovery conference. Because Mr. Tetzner has been unresponsive, the Court stated the District could either submit an informal position paper in an attempt to engage Mr. Tetzner so a discovery conference could be scheduled, or file a Motion to Compel. The District chose the former, and submitted its position paper, to both Mr. Tetzner via e-mail and U.S. Mail, and to the Court via e-mail, on October 23, 2019. Mr. Tetzner again failed to respond.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 37 gives courts the power to impose sanctions against parties who do not comply with discovery orders. Rule 37(d)(1)(A)(ii) authorizes the court to impose sanctions against a party who, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or a written response. A failure to respond to interrogatories or

MEMORADUM DECISION AND ORDER - 3

requests for production is not excused on the grounds that the discovery sought was objectionable unless the party failing to act has a pending motion for a protective order under Rule 26(c). Fed. R. Civ. P. 36(d)(2).

Unlike Rule 37(b), a finding of bad faith is not a prerequisite for imposing sanctions under Rule 37(d). *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994). Rule 37(d) also allows for direct sanctions even without a prior court order compelling discovery and even where a party has not previously been warned for any rule misconduct. *Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 380 n. 1 (9th Cir. 1988); *Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981). Where, as here, a party has failed to respond to discovery, Rule 37(d) authorizes the court to award any of the sanctions available under Rule 37(b)(2)(A). Such sanctions include: (i) directing that facts be taken as established "as the prevailing party claims"; (ii) prohibiting the disobedient party from introducing certain evidence or from supporting or opposing certain claims or defenses; (iii) wholly or partially striking pleadings; (iv) staying further proceedings until orders are obeyed; (v) dismissing the action in whole or in part; (vi) entering a dismissal or default judgment against the disobedient party; or (vii) treating failure to obey most kinds of orders as contempt. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

Instead of, or in addition to, the aforementioned sanctions, Rule 37(d) also *requires* the court to order the party failing to act to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(d)(3) (emphasis added). The burden of establishing "substantial justification" is on the party being

MEMORADUM DECISION AND ORDER - 4

sanctioned. *Hyde & Drath*, 24 F.3d at 1171. "The phrase 'substantially justified' does not mean 'justified to a high degree,' but rather has been said to be satisfied if there is a 'genuine dispute,' or if reasonable people could differ as to [the appropriateness of the contested action]." *Lee v. Walters*, 172 F.R.D. 421, 425 (D. Or. 1997) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

## IV. ANALYSIS

The District suggests the Court should either dismiss Mr. Tetzner's case for failure to prosecute or enter an order requiring him to respond to discovery within ten days. In determining whether to exercise its discretion to dismiss an action under Rule 37, the court weighs: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002) (citation omitted).

The first two factors weigh in favor of dismissal. The District notes that it needs Mr. Tetzner's discovery responses *before* it can take his deposition, and that the discovery deadline of December 30, 2019 is rapidly approaching. Mr. Tetzner's conduct similarly threatens the District's ability to meet the dispositive motion deadline of January 30, 2020. Mr. Tetzner's failure to respond to discovery has also required the Court to intervene in an attempt to enforce its Scheduling Order. Mr. Tetzner's conduct thus impedes the expeditious resolution of this case and the Court's ability to manage its docket. *Malone v.*

MEMORADUM DECISION AND ORDER - 5

*United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987); *Hyde & Drath*, 24 F.3d at 1166.

Under the third factor, a party is prejudiced if the non-responding party's conduct impairs the requesting party's ability to go to trial or threatens to interfere with the rightful decision of the case. *United States ex rel. Wiltec Guam, Inc. v. Kahaluu Constr. Co.*, 857 F.2d 600, 604 (9th Cir. 1988). Because Mr. Tetzner has completely ignored the District's discovery requests, the District is unable to defend Mr. Tetzner's case against it. Thus, the third factor also supports dismissal. *Anheuser-Busch v. Nat. Beverage Distributors*, 69 F.3d 337, 354 (9th Cir. 1995) (finding prejudice when a party's refusal to provide certain documents "forced Anheuser to rely on incomplete and spotty evidence" at trial).

The fourth factor—the public policy favoring decisions on the merits—always weighs against dismissal or default. *BNSF Ry. Co. v. Quad City Testing Lab.*, 2009 WL 10678241, at *4 (D. Mont. 2009); *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990). However, this policy "standing alone, is not sufficient to outweigh the other four factors." *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 133 n. 2). Moreover, where, as here, a fair trial is potentially impossible due to a party's failure to cooperate, the fourth factor should not be given much weight. *Hyde & Drath*, 24 F.3d at 1167.

Finally, the fifth factor requires the district court to consider alternate, less severe sanctions before entering a default judgment or ordering dismissal. Here, less severe sanctions are available because the Court has not yet ordered Mr. Tetzner to respond to discovery. Although such an order is not required prior to entering an order of dismissal or

MEMORADUM DECISION AND ORDER - 6

default, *Sigliano*, 642 F.2d at 310, Mr. Tetzner is appearing *pro se* and may not appreciate the seriousness of his conduct. The Court will accordingly allow Mr. Tetzner an additional ten days to respond to each of the District's interrogatories and requests for production. If he fails to do so, the Court may dismiss the case without further notice. Although *pro se*, Mr. Tetzner "is expected to abide by the rules of the court in which he litigates." *Carter v. C.I.R.*, 784 F.2d 1006, 1008 (9th Cir. 1986); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("*pro se* litigants are bound by the rules of procedure.")

As mentioned, Rule 37(d)(3) requires the Court to award attorney's fees against a party who fails to respond to discovery unless the failure was substantially justified or other circumstances make an award of expenses unjust. Indigency, standing alone, does not make an award of expenses or attorney's fee unjust. *Barker v. Hertz Corp.,* 2008 WL 2705152, at *8 (D. Ariz.). Nevertheless, the Court concludes that Mr. Tetzner, who has been granted leave to proceed *in forma pauperis*, should not be required to pay fees and costs at this time. Dkt. 11, at 2; *see Elliott v. United Parcel Serv.*, *Inc.*, 2009 WL 213004, at *2 (W.D. Wash. 2009) (holding "it would be unjust to require a *pro se* plaintiff to pay fees and costs for the depositions."). However, a continuation of further non-compliance with court rules, orders, and deadlines may warrant a different result in the future.

### V. ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. Mr. Tetzner is **ORDERED** to respond to the District's Interrogatories and Request for Production within ten (10) days of the date of this Order. Failure to do so will result in dismissal without further notice. The District shall advise the

MEMORADUM DECISION AND ORDER - 7

Court if it has not received Mr. Tetzner's discovery responses by November 12, 2019.

DATED: November 1, 2019

David C. Nye
Chief U.S. District Court Judge