UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RANDALL TETZNER,<br><br>        Plaintiff,<br><br>vs.<br><br>CHRISTA HAZEL, Former Trustee President, Coeur d'Alene School District 271; TAMBRA PICKFORD, CASEY MORRISROE, TOM HEARN, DAVE EUBANKS, Trustees, Coeur d'Alene School District 271; MATT HANDELMAN, Former Superintendent, Coeur d'Alene School District 271; COEUR D'ALENE SCHOOL DISTRICT 271; CITY OF COEUR D'ALENE, IDAHO; COEUR D'ALENE POLICE DEPARTMENT; LEE R. WHITE, Chief of Police, Coeur d'Alene Police Department; JAY WILHELM, CRYSTAL SHAW, BUHL, Detectives, Coeur d'Alene Police Department; JOHN DOES 1 & 2, Coeur d'Alene Police Officers; JOHN DOES 3-100<br><br>        Defendants. | Case No: 2:17-cv-00459-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

Plaintiff Randall Tetzner has repeatedly failed to respond to Defendant Coeur d'Alene School District and the District related-individual defendants' (hereinafter the "District") discovery requests, ignored the Court's orders compelling discovery, and continued to delay in prosecuting his suit. The Court accordingly enters the following order

MEMORANDUM DECISION AND ORDER - 1

of dismissal.

## I. BACKGROUND

Between August 27, 2019, and October 23, 2019, the District repeatedly attempted to obtain discovery responses from Plaintiff Randall Tetzner.[1] When such attempts were unsuccessful, the Court ultimately entered an Order Compelling Mr. Tetzner to respond to the District's Interrogatories and Requests for Production by November 12, 2019. Dkt. 31. While Mr. Tetzner failed to produce any discovery, he notified counsel for the District, on the date his discovery was due, that he was having an invasive medical procedure. Counsel for the District requested more information regarding Mr. Tetzner's health situation and the impact it would have on his ability to respond to discovery but did not receive any response. Although Mr. Tetzner did not file a motion with the Court to seek an extension, nor provide it with notice or any other information regarding his health condition, the Court, in an abundance of caution, gave Mr. Tetzner another extension of time and ordered him to respond to discovery by November 29, 2019, or face dismissal. Dkt. 32. Mr. Tetzner did not respond to the District's discovery requests by November 29, 2019, and has yet to produce the requested discovery. *Id*.

On December 2, 2019, Mr. Tetzner notified the District's counsel by email that he may need surgery and that his condition was life-threatening. The District's counsel requested additional information but did not receive a reply. Nor has the District's counsel received a reply to any of its emails in the last four months regarding Mr. Tetzner's

---

[1] The details of such attempts are outlined in the Court's first Order Compelling Discovery. Dkt. 31.

obligation to respond to discovery. Despite the Court's November 1, 2019, and November 18, 2019, orders compelling him to produce discovery, Mr. Tetzner has never filed a motion for a protective order, or any other information regarding his health condition, with the Court.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 37 gives courts the power to impose sanctions against parties who do not comply with discovery orders. Rule 37(d)(1)(A)(ii) authorizes the court to impose sanctions against a party who, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or a written response. A failure to respond to interrogatories or requests for production is not excused on the grounds that the discovery sought was objectionable unless the party failing to act has a pending motion for a protective order under Rule 26(c). Fed. R. Civ. P. 36(d)(2).

Unlike Rule 37(b), a finding of bad faith is not a prerequisite for imposing sanctions under Rule 37(d). *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994). Rule 37(d) also allows for direct sanctions even without a prior court order compelling discovery and even where a party has not previously been warned for any rule misconduct. *Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 380 n. 1 (9th Cir. 1988); *Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981).

Where, as here, a party has failed to respond to discovery, Rule 37(d) authorizes the court to award any of the sanctions available under Rule 37(b)(2)(A). Such sanctions include: (i) directing that facts be taken as established "as the prevailing party claims"; (ii)

MEMORANDUM DECISION AND ORDER - 3

prohibiting the disobedient party from introducing certain evidence or from supporting or opposing certain claims or defenses; (iii) wholly or partially striking pleadings; (iv) staying further proceedings until orders are obeyed; (v) dismissing the action in whole or in part; (vi) entering a dismissal or default judgment against the disobedient party; or (vii) treating failure to obey most kinds of orders as contempt. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). A district court has "great latitude" in fashioning sanctions pursuant to Rule 37. *Lew v. Kona Hosp.*, 754 F.2d 1420, 1425 (9th Cir. 1985).

When sanctions are warranted, the court must determine the appropriate level or severity of sanctions based on the circumstances of the case. A case-dispositive sanction is a harsh penalty reserved for extreme circumstances. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). As a result, the Ninth Circuit has constructed a five-factor test to determine whether a case-dispositive sanction is just: (1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002) (citation omitted); *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (hereinafter "*Thompson* Factors"). Provided a court weighs such factors, the Ninth Circuit has repeatedly upheld case-terminating sanctions for failure to comply with pretrial procedures mandated by local rules and court orders. *Id*.

Finally, while due process requires that dismissal may not be imposed when a failure to respond to discovery is due to circumstances beyond a party's control, *United States v.*

*Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365, 1369 (9th Cir. 1980), the Ninth Circuit has specifically encouraged dismissal when it determines "that counsel or a party has acted willfully or in bad faith in failing to comply with the rules of discovery or with court orders enforcing the rules or in flagrant disregard of those rules or orders." *G-K Properties v. Redevelopment Agency*, 577 F.2d 645, 647 (9th Cir. 1978) (citing *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639 (1976)). A party's repeated failure to comply with discovery requests and court orders manifests the requisite fault to impose the harsh sanction of dismissal. *Sigliano*, 642 F.2d at 310.

### III. ANALYSIS

Here, the Court already assessed the five *Thompson* Factors to determine whether case-dispositive sanctions were warranted, and found three of the five factors weighed in favor of dismissal. Dkt. 31, at 5-7 (finding the public policy favoring disposition of cases on their merits and the availability of less drastic sanctions weighed against dismissal). Because the Court had not ordered an alternative, less severe sanction at that time, the Court allowed Mr. Tetzner an additional ten days to respond to discovery, and then extended his response deadline another two weeks, *sua sponte*, upon Mr. Tetzner's notice to the District's counsel that he was suffering from health problems. As noted, Mr. Tetzner has never contacted the Court regarding his health condition, nor filed a motion to seek an extension or to request a protective order.

In light of Mr. Tetzner's continued failure to respond to discovery despite two orders compelling him to do so, the Court finds that four of the five Ninth Circuit factors now weigh in favor of dismissal. Where, as here, a court order has been violated, the first and

second factors support case-dispositive sanctions. *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990). Instead of considering the merits of this case, the Court must again address Mr. Tetzner's failure to comply with his discovery obligations. Mr. Tetzner's conduct thus impedes the expeditious resolution of this case and the Court's ability to manage its docket. *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987); *Hyde & Drath*, 24 F.3d 1162, 1166 (9th Cir. 1994).

Under the third factor, a party is prejudiced if the non-responding party's conduct impairs the requesting party's ability to go to trial or threatens to interfere with the rightful decision of the case. *United States ex rel. Wiltec Guam, Inc. v. Kahaluu Constr. Co.*, 857 F.2d 600, 604 (9th Cir. 1988). Because Mr. Tetzner has completely ignored both the District's discovery requests and the Court's orders compelling him to respond, the District is unable to defend against his case. The third factor thus supports dismissal. *Adriana*, 913 F.3d at 1412 (failure to produce documents as ordered is considered sufficient prejudice to warrant case-dispositive sanctions).

Although the fourth factor—the public policy favoring decisions on the merits—always weighs against dismissal or default, *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990), this policy "standing alone, is not sufficient to outweigh the other four factors." *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 133 n. 2). Moreover, where, as here, a fair trial is potentially impossible due to a party's failure to cooperate, the fourth factor should not be given much weight. *Hyde & Drath*, 24 F.3d at 1167.

Finally, the fifth factor requires the district court to consider alternate, less severe sanctions before entering a default judgment or ordering dismissal. The Court previously denied sanctions because it had not yet considered alternate, less severe sanctions, and entered an order compelling discovery. Now that both the Order compelling discovery and subsequent Order giving Mr. Tetzner an additional two-weeks to respond to the District's discovery requests have both been ignored, the Court turns again to the fifth factor.

The Ninth Circuit requires a three-part test to determine whether a district court has properly considered the adequacy of less drastic sanctions: (1) whether the court implemented alternative sanctions before ordering default or dismissal; (2) whether the court warned the party of the possibility of default before ordering it; and (3) whether the court explicitly discussed the feasibility of less drastic sanctions and explained why they would be inappropriate. *Malone*, 833 F.2d at 130.

All three conditions are met in this case. The Court has already considered less severe sanctions by issuing two orders compelling discovery. Mr. Tetzner disregarded both orders. The Court has also twice warned Mr. Tetzner that failure to comply with its discovery orders could result in the dismissal of his case. Dkt. 31; Dkt. 32. Despite this, Mr. Tetzner failed to comply. Furthermore, if Mr. Tetzner was facing a serious or life-threatening medical condition, he should have simply notified the Court and provided supporting evidence. Ultimately, however, Mr. Tetzner failed to provide any medical information despite numerous opportunities to do so. In light of such conduct, it is clear that less drastic sanctions would be ineffective and will not provide the District with the discovery it needs to defend against Mr. Tetzner's case. Where, as here, four of the five

Ninth Circuit factors weigh in favor of case-dispositive sanctions, dismissal in warranted. *Adriana*, 913 F.2d at 1413. Although *pro se*, Mr. Tetzner "is expected to abide by the rules of the court in which he litigates." *Carter v. C.I.R.*, 784 F.2d 1006, 1008 (9th Cir. 1986); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("*pro se* litigants are bound by the rules of procedure.").

    Rule 37(d)(3) requires the Court to award attorney's fees against a party who fails to respond to discovery unless the failure was substantially justified, or other circumstances make an award of expenses unjust. Indigency, standing alone, does not make an award of expenses or attorney's fee unjust. *Barker v. Hertz Corp.,* 2008 WL 2705152, at *8 (D. Ariz.). Mr. Tetzner has not offered any justification to the Court, let alone substantial justification, for his failure to comply with its discovery orders. Nevertheless, the Court concludes that Mr. Tetzner, who appears to be suffering from health problems and has been granted leave to proceed *in forma pauperis*, should not be required to pay fees and costs. Dkt. 20; *see Elliott v. United Parcel Serv., Inc.*, 2009 WL 213004, at *2 (W. D. Wash. 2009) (holding "it would be unjust to require a *pro se* plaintiff to pay fees and costs for the depositions.").

///
///
///
///
///
///

MEMORANDUM DECISION AND ORDER - 8

## IV. ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. Pursuant to Federal Rule of Civil Procedure 37(d) this case is **dismissed with prejudice** and closed.[2]

DATED: January 7, 2020

David C. Nye
Chief U.S. District Court Judge

---

[2] The Court considered dismissing this case without prejudice, but it appears Plaintiff would be unable to amend because the events at issue took place in 2015, beyond the two-year statute of limitations imposed pursuant to Idaho Code section 5-219 for federal claims brought under 42 U.S.C. § 1983.